**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**
January 16, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM D. MURPHY,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0605** (BOR Appeal No. 2046546)
                    (Claim No. 2011018987)

**EASTERN ARROW CORPORATION, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner William D. Murphy, by Gregory W. Sproles, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Arrow Corporation, Inc., by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 20, 2012, in which the Board affirmed an October 26, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 16, 2010, decision denying Mr. Murphy's request for compensability for his injury of July 20, 2010. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon erroneous conclusions of law. This case satisfies the "limited circumstances" requirement of Rule 21 (d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Murphy was employed as a supervisor for Eastern Arrow Corporation, Inc., a reclamation service. Mr. Murphy's duties included going to different jobsites and providing supervision to employees performing reclamation services. On the morning of July 20, 2010, at 9:45 a.m., Mr. Murphy was traveling a public highway in Preston County, West Virginia, from Eastern Arrow Corporation, Inc.'s jobsite called Sandy Hook to their Mount Storm jobsite when he was involved in a motor vehicle accident. Mr. Murphy topped a hill and ran into a vehicle that was stopped for a construction zone. According to the police report, the brake lights on the

1

stopped vehicle did not function. Mr. Murphy sustained a concussion and injuries to his shoulder and back. The claims administrator denied Mr. Murphy's claim for workers' compensation benefits and stated that his injuries were not received in the course of and as a result of his employment. The Office of Judges affirmed the claims administrator's decision and held that Mr. Murphy did not sustain an injury in the course of and as a result of his employment. The Board of Review adopted the findings of the Office of Judges and affirmed its Order. Mr. Murphy appealed and asserts that his accident on July 20, 2010, occurred while he was using a public highway as a means of traveling between two of his employer's jobsites in the performance of his required job duties.

West Virginia Code § 23-4-1 (2008) requires there be a causal connection between the duties of the injured worker's employment and the injury before a finding of compensability can be made. An injury occurring while going to or from work, which occurs while not on the premises of the employer is not compensable. However, in *Williby v. West Virginia Office of Insurance Commissioner*, 224 W.Va. 358, 686 S.E.2d 9 (2009), this Court recognized that there may be special circumstances that may bring such conduct into the course of employment. If travel is a condition of an employee's employment on behalf of their employer's business then an injury sustained while doing so is considered in the course of employment. *Calloway v. State Workmen's Compensation Comm'r*, 165 W.Va. 432, 268 S.E.2d 132 (1980).

The Office of Judges noted that recognized exceptions to the "going and coming" rule include an employee who is required to routinely travel from place to place as a condition of employment or who is running a business errand. The Office of Judges stated that there was no evidence that the employer required Mr. Murphy to travel a certain route to visit jobsites and that Mr. Murphy was simply traveling on a public road that he selected as the quickest way to get to Mount Storm, even if he were driving to a second site to perform work for the employer. The Office of Judges further stated that Mr. Murphy's purpose for going to Mount Storm was not clear. Mr. Murphy stated that he was relieving the dozer operator, Mr. Smithson. But Mr. Smithson had only worked a few hours and was not advised that he would be relieved. The Office of Judges noted that Mr. Murphy stated that Mr. Smithson had worked for six straight days while Mr. Smithson indicated that he was on his fourth day of work. The Office of Judges further noted that Mr. Murphy said that he had a pump to deliver, but his supervisor, Mr. Wardwell, asked that the pump be delivered to his home and not to a jobsite. The Office of Judges determined that Mr. Murphy's purpose in going to the Mount Storm jobsite was not clear and that there was insufficient evidence to conclude that his accident was incurred within his scope of employment. The Board of Review acknowledged that an employee may be entitled to compensation for an injury received while traveling between two jobsites but determined the issue in this claim was the credibility of Mr. Murphy and his account of the accident.

Mr. Murphy and Mr. Smithson both stated in their depositions that they normally started work at 7:00 a.m. and worked until 7:00 p.m. and that Mr. Smithson's schedule was to work four days and then to be off for four days. Mr. Smithson stated that if the accident happened on Tuesday that would have been his fifth day of work. July 20, 2010, was on a Tuesday, which

would have been Mr. Smithson's fifth day of work. Mr. Smithson also stated in his deposition that Mr. Murphy was his supervisor, that it was typical for Mr. Murphy to visit the jobsites to work as a supervisor or as a heavy equipment operator, and that Mr. Murphy was coming to the Mount Storm jobsite on July 20, 2010, after he finished the job at the Sandy Hook jobsite.

Mr. Murphy was employed as a supervisor whose job duties included visiting various jobsites and making sure the reclamation services were being performed. Mr. Murphy was traveling on a route that would take him from the Sandy Hook jobsite to the Mount Storm jobsite to perform his employment duties for his employer. Additionally, Mr. Smithson acknowledged that Mr. Murphy was his supervisor, that he was working at the Mount Storm jobsite on the morning of July 20, 2010, and that he had spoken to Mr. Murphy twice by telephone on the morning of July 20, 2010, prior to the accident. Mr. Smithson stated that he was aware that Mr. Murphy was coming to the Mount Storm jobsite as soon as he finished meeting with the West Virginia Division of Environmental Protection at the Sandy Run jobsite. The Office of Judges and Board of Review erred in ignoring the fact that Mr. Murphy routinely traveled between Eastern Arrow Corporation, Inc.'s jobsites to perform his employment duties therefore, bringing his travel into his course of employment. Mr. Murphy clearly fits into a recognized exception to the "going and coming" rule as he is routinely required to travel between Eastern Arrow Corporation, Inc.'s various jobsites as part of his employment duties. It is clear from Mr. Smithson's deposition that Mr. Murphy was traveling to the Mount Storm jobsite from the Sandy Hook jobsite on the morning of July 20, 2010, therefore, traveling was within his zone of employment and he was injured in the course of and as a result of his employment.

For the foregoing reasons, we find that the decision of the Board of Review is clearly the result of erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed and remanded with a finding of compensability and for further development of the record regarding Mr. Murphy's injuries of July 20, 2010.

Reversed and Remanded.

**ISSUED: January 16, 2014**

**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis

Justice Brent D. Benjamin, not participating.